UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NITISH CHANDRA DAS,

                                  Plaintiff,

        -v.-

ACROPOL REST. CORP. d/b/a Ritz Diner,
and GEORGE KALOGERAKOS,

                                  Defendants.
------------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, Nitish Chandra Das, by and through his undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants ACROPOL REST. CORP. d/b/a Ritz Diner ("Ritz"), and GEORGE KALOGERAKOS ("Kalogerakos" and collectively with Ritz, the "Defendants") states as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation (c) unpaid spread of hours compensation, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a).

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

## THE PARTIES

### *Plaintiff*

5.      Plaintiff, Nitish Chandra Das is an adult individual residing in Queens, New York.

### *Defendants*

6.      Upon information and belief, Ritz is a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the county and state of New York at 1133 1st Avenue, New York, NY  10065.

7.      Defendant Kalogerakos is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

8.      Defendant Kalogerakos is sued individually in his capacity as owner, officer, and/or agent of Ritz.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

9.      At all relevant times, Defendants owned, operated, or controlled a restaurant with the trade name Ritz Diner.

10.     Defendant Kalogerakos possesses or possessed operational control over Ritz, an ownership interest in Ritz and/or controls or controlled significant functions of Ritz.

11.     At all times relevant herein, Defendant Kalogerakos possessed substantial control over working conditions at Ritz, including the policies and practices with respect to the employment and compensation of Plaintiff.

12.     Defendant Kalogerakos determines or determined the wages and compensation of the employees of Ritz, including Plaintiff, and establishes or established the schedules of the

employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

13.     At all relevant times, Defendant Kalogerakos was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

14.     Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

15.     In the year 2019, Ritz had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16.     In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, most of the food they cooked and the liquor they served was manufactured outside of the State of New York.

17.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

*Plaintiff*

18.     Plaintiff is a former employee of the Defendants who worked at Ritz bussing tables and making deliveries.

19.     Plaintiff was employed by the Defendants from on or about and approximately February 4, 2019 until June 8, 2019.

20.     Plaintiff regularly handled goods in interstate commerce such as cooked food, paper goods, utensils and other restaurant supplies.

21.     Plaintiff's work duties required neither discretion nor independent judgment.

22.     Defendants always paid Plaintiff his wages in cash.

23.     Throughout his employment with Defendants, Plaintiff worked six days per week with Wednesdays off.

24.     Plaintiff usually worked on Monday, Tuesday and Thursday from 6:00 pm to 2:00 am; Friday from 6:00 pm to 6:00 am; Saturday from 8:00 pm to 6:00 am; and Sunday from 6:00 pm to 2:00 am. But on some days he was required to work past the end of his shift, a total of approximately 30 minutes each week, a total of 57.5 hours per week.

25.     Plaintiff was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as punch cards, sign in sheets, or computerized tracking systems, that recorded the hours he worked.

26.     Defendants never granted Plaintiff any work breaks or meal periods of more than fifteen or twenty minutes uninterrupted.

27.     Plaintiff was never notified by Defendants that his tips were being included as an offset to comply with federal or state minimum wage regulations.

28.     Defendants did not include Plaintiff's tips in any daily or weekly accounting of his wages.

29.     Plaintiff received a portion of the tips that were left for the waiters he assisted. But the amounts he received were often too little to raise Plaintiff's hourly pay to minimum wage.

30.     Throughout Plaintiff's employment, Defendants paid Plaintiff $7.00 per hour for all hours he worked.

31.     Defendants failed to pay Plaintiff for his last week of work.

32.     Defendants failed to pay Plaintiff at time and one half for any hours he worked over forty per week.

33.     Defendants failed to Plaintiff an additional hour's pay for each day Plaintiff's shift at work exceeded ten hours.

34.     Defendants failed to provide Plaintiff with a wage statement at the time they paid him, as required by NYLL §195(3).

35.     Defendants failed to provide Plaintiff with a notice containing his rates of pay, tips, and other employment disclosures as required by New York Labor Law § 195(1).

*Defendants' General Employment Practices*

36.     As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

37.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

38.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

39.     Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

40.     In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate for each hour he worked.

41.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

42.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

43.     Due to the Defendants' failure to pay Plaintiff at the minimum wage rate, Plaintiff is entitled to recover from Defendants his unpaid wages and liquidated damages in an amount to be determined at trial.

44.     In addition to the foregoing unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

45.     Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

46.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

47.     Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF NEW YORK LABOR LAW – FAILURE TO PAY MINIMUM WAGE

48.     At all relevant times, Plaintiff was jointly employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

49.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, 12 NYCRR §146-1.2, paid Plaintiff less than the minimum wage.

50.     Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

51.     Due to the Defendants' failure to pay Plaintiff at the minimum wage rate, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

52.     Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

53.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law §663.

54.     Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## NEW YORK SPREAD OF HOURS PROVISION

55.     Plaintiff regularly worked a shift that lasted more than ten hours.

56.     Defendants willfully and intentionally failed to compensate Plaintiff an additional one hour's pay at the basic New York minimum hourly wage rate for each day in which the spread of hours he worked exceeded 10 hours, as required under 12 NYCRR § 146-1.6, which regulation was duly promulgated pursuant to N.Y. Labor Law § 21 (11).

57.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, and attorneys' fees pursuant to N.Y. Lab. Law § 663.

## SIXTH CAUSE OF ACTION
## NEW YORK WAGE THEFT PREVENTION ACT

58.     The Defendants failed to furnish to the Plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of New York Labor Law § 195(3) and 12 NYCRR § 146-2.3.

59.     As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorney fees pursuant to New York Labor Law § 198(1-d).

## SEVENTH CAUSE OF ACTION:
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

60.     Defendants failed to provide Plaintiff with a written notice at the time he was hired containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1) and 12 NYCRR § 146-2.2. .

61.     As a result of the foregoing Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorney fees pursuant to New York Labor Law § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against George Kalogerakos, and Acropol Rest. Corp. d/b/a Ritz Diner and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

c.      An award of unpaid minimum wages and overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

e.      An award under the New York Labor Law for unpaid spread of hours pay;

f.      An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and spread of hours pay to plaintiff pursuant to the New York Labor Law;

g.      An award of statutory damages for Defendants' violation of the Wage Theft Prevention Act, N.Y. Labor Law §195(3), and for violation of the recordkeeping requirements of N.Y. Labor Law §195(1);

h.      An award of prejudgment and post judgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys' fees; and

j.      Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).


Dated:   June 2, 2022
         Forest Hills, New York

                                                _____S/_____
                                                ARTHUR H. FORMAN
                                                90-20 Metropolitan Avenue
                                                Forest Hills, New York 11375
                                                (718) 268-2616

                                                *Attorney for Plaintiff*